UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KSH PROPERTIES, INC., et al.,<br><br>        Plaintiff,<br><br>   v.<br><br>PC MARKETING, INC.,<br><br>        Defendant.<br> | CASE NO. C13-6008BHS<br><br>ORDER DENYING MOTION TO EXTEND TIME FOR INITIAL DISCLOSURES AND OUTSTANDING DISCOVERY |
| PC MARKETING, INC.,<br><br>     Third-Party Plaintiff,<br><br>   v.<br><br>B&B TANS, LLC,<br><br>     Third-Party Defendant. | |

This matter comes before the Court on Third-Party Defendant B&B Tans, LLC's ("B&B") motion to extend time for initial disclosures and outstanding discovery (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

ORDER - 1

1         On November 22, 2013, Plaintiffs filed the instant action against PC Marketing, Inc. ("PCM"), arising out of a fire that destroyed B&B's tanning salon and other business in the Towne Center shopping mall in Silverdale, Washington. Dkt. 1. On November 27, 2013, the Court issued an order regarding initial disclosures. Dkt. 5. Under that order, initial disclosures were due on March 20, 2014. *Id*.

         On January 22, 2014, PCM filed its Answer and Third-Party Complaint on B&B. Dkt. 9. On February 20, 2014, counsel for B&B appeared. Dkt. 17. On the same date, B&B filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which is noted for consideration on March 14, 2014. Dkt. 18.

         On March 13, 2014, B&B filed the instant motion for extension of time for initial disclosures and outstanding discovery. Dkt. 21. B&B seeks an extension of the time to comply with the order regarding initial disclosures and outstanding discovery until thirty days after the Court has decided B&B's motion to dismiss. Dkt. 21. B&B has two main reasons for its request: (1) in order to avoid the time and expense of meeting those deadlines when it may be dismissed from the action, and (2) because B&B was brought into the action several months after the suit was commenced. *See* Dkt. 21 at 4-6. On March 19, 2014, PCM filed a response in opposition the B&B's motion. Dkt. 23. PCM opposes B&B motion for multiple reasons, including that B&B failed to comply with the meet and confer requirement for answering any discovery and because a pending dispositive motion is not good cause to relieve B&B of its obligations to provide initial disclosures and respond to discovery. *See* Dkt. 23 at 4-7. On March 21, 2014, B&B filed a reply. Dkt. 27.

ORDER - 2

Based on the submissions before the Court, it is not clear that B&B properly met the Rule 26(c)(1) meet and confer requirement "regarding its desire to have protection from answering any discovery until [thirty] days after" the Court decides the motion to dismiss. *See* Dkt. 23 at 4.  However, it appears that B&B presumed PCM's answer would be "no" to that request, as PCM had declined its request to extend time for initial disclosures and likely knew that B&B's desire for an extension included additional time for responding to the discovery PCM propounded.  *See* Dkt. 27 at 3-5.  Notwithstanding any ambiguity regarding the meet and confer requirement, the Court finds that B&B's pending motion to dismiss is simply not sufficient cause to alter the scheduling deadlines in this case.

Since the deadline for filing initial disclosures has passed, as the noting date of this motion was March 21, 2014, the Court requires B&B to comply with the deadlines set forth in its order on initial disclosures by April 11, 2014.  As to the outstanding discovery responses, if the date to respond to those is set for later than April 11, 2014, the later date controls.

Therefore, it is hereby **ORDERED** that B&B's motion for extension of time (Dkt. 21) is **DENIED**.

Dated this 26th day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3