UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KSH PROPERTIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ,PC MARKETING, INC., <br><br> Defendant. <br><br> ,PC MARKETING, INC., <br><br> Third-Party Plaintiff, <br> v. <br><br> B&B TANS, LLC, <br><br> Third-Party Defendant. | CASE NO. C13-6008 BHS <br><br> ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Third-Party Defendant B&B Tans, Inc.'s ("B&B") motion to dismiss the third-party complaint (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On November 22, 2013, Plaintiffs KSH Properties, Inc. ("KSH") and Beans and Leaves, LLC ("B&L") filed suit against Defendant PC Marketing, Inc. ("PCM"),

ORDER - 1

asserting products liability claims, subject to the Washington Product Liability Act ("WPLA"), RCW 7.72, *et seq.*, alleging that PCM should be held liable to the standard of a product manufacturer, and alleging PMC designed, manufactured and sold a tanning bed that was defective. *See* Dkt. 1 at ¶¶ 4.1-4.9. Additionally, KSH and B&L allege that PCM engaged in unfair and deceptive acts and practices in trade or commerce in violation of the Washington Consumer Protection Act ("WCPA"), RCW 19.86.020, because PCM advertised and sold a tanning bed that did not meet established testing and safety standards for electrical devices of that type. *Id*. at ¶¶ 4.10-4.13.

On January 22, 1014, PCM filed an answer and a third-party complaint against B&B. Dkt. 9. On February 20, 2014, B&B filed a motion to dismiss the complaint against them. Dkt. 18. On March 10, 2014, PCM responded in opposition. Dkt. 20. On March 14, 2014, B&B filed a reply in support of its motion. Dkt. 22. On March 19, 2014, PCM filed a surreply. Dkt. 25. On March 20, B&B filed objections to PMC's surreply, asking the Court to disregard it. Dkt. 26.

## II. FACTUAL BACKGROUND[1]

PCM alleges that B&B is liable for the tanning bed fire that spread to and damaged different business. Prior to January 8, 2012, B&B purchased various sun simulation lamps for use in its tanning beds at the Desert Sun Tanning Salon located in a commercial building at 9995 Silverdale, Kitsap County, Washington, commonly known

---

[1] These facts are taken from PCM's third-party complaint. *See* Dkt. 9. For the purposes of a Fed. R. Civ. P. 12(b)(6) motion, all facts alleged in the complaint are assumed true. *See infra.* (setting forth 12(b)(6) standard).

as the "Towne Centre." Dkt. 9 at 9, ¶ 6. Prior to, and including January 8, 2012, B&B, by and through its principals, officers, agents, and/or employees, installed the sun simulation lamps in some or all of its tanning beds at the Desert Sun Tanning Salon located in the Towne Centre. *Id*., ¶ 7. Prior to, and including January 8, 2012, B&B purchased, installed, controlled, and maintained the sun simulation lamps used in the P90 tanning unit at issue in this litigation. *Id*., ¶ 8. On January 8, 2012, a fire started at B&B d/b/a the Desert Sun Tanning Salon. KHS and B&L allege that the fire originated in the P90 tanning unit purchased and maintained by B&B. *Id*., ¶ 9. PCM alleges that a sun simulation lamp was improperly installed and/or maintained in a P90 tanning bed by B&B principals, officers, agents and/or employees, who caused or contributed to the fire. *Id*., ¶ 10. The January 8, 2012, fire damaged the P90 tanning bed at issue, the tanning salon, and other businesses and property located in the Towne Center. *Id*., ¶ 11.

PCM alleges B&B was negligent in its use and maintenance of the P90 tanning bed at its tanning salon, and B&B failed to train its principals, officers, agents, and/or employees regarding the P90 tanning bed. *Id*., ¶¶ 12-13. According to PCM, B&B's failures caused a fire at its tanning salon, which spread to other units and caused damage. *Id*., ¶ 14.

### III. DISCUSSION

In B&B's motion, they argue that PCM has no cognizable claim in contract, negligence or for contribution or equitable indemnity against B&B. *See* Dkt. 18. However, in PCM's response, it makes clear that it is not pursuing claims for contract, direct negligence or contribution against B&B. *See* Dkt. 20 at 6. Rather, PCM maintains

that it has only made a claim for equitable indemnity against B&B. *Id.* With that concession by PCM, the Court addresses only B&B's contention that PCM does not have a cognizable legal claim for equitable indemnity against B&B. *See* Dkt. 22.

**A.    Motion to Dismiss Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.    Equitable Indemnification**

Equitable indemnity constitutes a recognized equitable ground under which attorney fees may be awarded. *Newport Yacht Basin Ass'n of Condo Owners v. Supreme Northwest, Inc.*, 168 Wn. App. 86, 104 (2012) (*citing Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wn. App. 352, 358–59 (2005)). "[W]here the acts or

omissions of a party to an agreement or event have exposed one to litigation by third persons—that is, to suit by persons not connected with the initial transaction or event—the allowance of attorney's fees may be a proper element of consequential damages." *Id*. (*citing Armstrong Constr. Co. v. Thomson*, 64 Wn.2d 191, 195 (1964)). Our courts have long considered such attorney fees to be recoverable as damages rather than as costs. *Id*. (*citing Wells v. Aetna Ins. Co*., 60 Wn.2d 880, 882, (1962); *Curtley v. Sec. Savings Soc'y*, 46 Wash. 50, 57–58, 89 P. 180 (1907).

This theory of recovery has sometimes been referred to as the "ABC rule" in Washington case law. *Id*. n. 11 (*citing Dauphin v. Smith*, 42 Wn. App. 491, 494 (1986) ("When the natural and proximate consequences of a wrongful act of A involve B in litigation with others, B may as a general rule recover damages from A for reasonable expenses incurred in that litigation, including attorney's fees.").

The elements of this form of equitable indemnity are:

(1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the initial transaction or event, *viz.*, the wrongful act or omission of A toward B.

*Newport Yacht,* 168 Wn. App. at 105 (*citing Manning v. Loidhamer*, 13 Wn. App. 766, 769 (1975)). Each of the three elements must be satisfied for liability to attach. *Id*. In addition, pursuant to well-established Washington law, "a party may not recover attorney fees under the theory of equitable indemnity if, in addition to the wrongful act or omission of A, there are other reasons why B became involved in litigation with C."

*Newport Yacht,* 168 Wn. App. at 106 (*citing Blueberry Place*, 126 Wn. App. at 359, 110 P.3d 1145 (citation omitted)).

Applying the ABC rule in this case, "A" is B&B, "B" is PCM and "C" would be the Plaintiffs. Here, PCM's claim for equitable indemnity fails for at least one reason, which is similar to that explained in B&B's briefing. *See, e.g.,* Dkt. 22.

Under *Newport Yacht,* equitable indemnity is not available unless "A," in this case B&B, the putative indemnitor, has committed tortious conduct that is directed against "B," in our case PCM, the putative indemnitee. 168 Wn. App. at 105-106. PCM admittedly did not plead direct negligence against B&B. Dkt. 20 at 9-10. Nor did PCM plead that B&B has a duty of care to PCM. *See* Dkt. 9. Thus, B&B, without a duty of care to PCM, could not have possibly directed tortious conduct towards PCM. Although PCM asserts first in its opening brief that B&B "had a duty to maintain" the tanning bed, it fails to explain to whom that duty exists or, more specifically, why that duty exists towards PCM. Dkt. 20 at 4. Nor does PCM cite any legal authority whatsoever for the proposition that B&B, as PCM's product purchaser, owned a duty to its product seller, PCM. Dkt. 20 at 4. Later, in its response, PCM argues that "whether B&B owed a duty of care to PCM is irrelevant" (Dkt. 20 at 8). However, *Newport Yacht* requires that B&B's tortious conduct be directed towards PCM for the equitable indemnity to be available as a matter of law. 168 Wn. App. at 105-106.

Based on the foregoing, on the face of the third-party complaint, PCM cannot obtain equitable indemnity. Further, PCM has neither argued nor implicitly demonstrated that amendment of its complaint would not be futile as to the first element of the ABC

test, involving the issue of B&B's duty of care or how, in the absence of such a duty, it could have directed tortious conduct toward PCM. Nor is the Court aware of any authority that would allow a claim for the equitable indemnity to proceed against B&B under any amendment to PCM's complaint on this issue. Thus, PCM fails to meet the first element of the ABC test.

Because the Court determines that PCM cannot meet the first element of the ABC test, it need not analyze any further arguments set forth in the briefing.[2] All three elements of the test must be met for the doctrine to be applicable. *Newport Yacht,* 168 Wn. App. at 105 (*citing Manning*, 13 Wn. App. at 769 (1975)).

## IV. ORDER

Therefore, it is hereby **ORDERED** that B&B's motion to dismiss PCM's third-party complaint (Dkt. 18) is **GRANTED**.

Dated this 17th day of April, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge

---

[2] In arriving at its decision, the Court did not consider PMC's surreply or B&B's objections to it.