1

2

3

4                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6

7    ASSURANCE COMPANY OF
     AMERICA, et al.,                           CASE NO. C14-5210 BHS
8
                        Plaintiffs,             ORDER GRANTING
9                                               PLAINTIFFS' MOTION TO
            v.                                  CONSOLIDATE
10
     PC MARKETING, INC.,
11
                        Defendant.
12   KSH PROPERTIES, INC., et al.,
                                                CASE NO. C13-6008 BHS
13                      Plaintiffs,

14          v.

15   PC MARKETING, INC.,

16                      Defendant.

17

18          This matter comes before the Court on Plaintiffs Assurance Company of America

19   ("Assurance") and Security National Insurance Company's ("Security") motion to

20   consolidate (C14-5210, Dkt. 13).  The Court has considered the pleadings filed in support

21   of and in opposition to the motion and the remainder of the file and hereby grants the

22   motion for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL AND FACTUAL BACKGROUND

In 2006, Defendant PC Marketing, Inc. ("PC Marketing") sold a P90 tanning bed to B&B Tans, LLC ("B&B").  C14-5210, Dkt. 1 at 3.  B&B operated a Desert Sun Tanning Salon ("Desert Sun") at a strip mall in Silverdale, Washington.  *Id.* at 2.

On January 8, 2012, a fire broke out in a tanning bed at Desert Sun.  *Id.*  The fire destroyed a building in the strip mall.  *Id.* at 3.

On November 22, 2013, Plaintiffs KSH Properties, Inc. ("KSH") and Beans & Leaves, LLC ("Beans & Leaves") filed a complaint against PC Marketing for their individual damages from the fire.  C13-6008, Dkt. 1.  KSH owned the building that was destroyed.  *Id.* at 2.  Beans & Leaves was a tenant in the building.  *Id.*

On March 12, 2014, Assurance and Security filed a complaint against PC Marketing for their individual damages from the fire.  C14-5210, Dkt. 1.  Assurance and Security provided insurance coverage to tenants in the building.  *Id.* at 2.

Both complaints allege that PC Marketing is liable under the Washington Product Liability Act ("WPLA") because PC Marketing manufactured a defective tanning bed that caught fire.  C13-6008, Dkt. 1 at 3–4; C14-5210, Dkt. 1 at 3–5.

On August 7, 2014, Assurance and Security filed a motion to consolidate the two cases for discovery and trial.  C14-5210, Dkt. 13.  On August 18, 2014, PC Marketing responded.  C14-5210, Dkt. 18.  On August 22, 2014, Assurance and Security replied. C14-5210, Dkt. 20.

## II. DISCUSSION

Assurance and Security argue that the cases should be consolidated because the cases involve almost identical issues of law and fact.  C14-5210, Dkt. 13 at 4.  KSH and Beans & Leaves consent to consolidation, provided that the existing scheduling order in their case controls the consolidated matter.  *Id.* at 3.  In response, PC Marketing argues that consolidation would result in substantial prejudice and confusion.  C14-5210, Dkt. 18 at 2.

Federal Rule of Civil Procedure 42(a) provides for consolidation of separately filed cases when the cases involve a common question of law or fact.  Fed. R. Civ. P. 42(a).  The court has broad discretion to consolidate cases.  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  In deciding whether to consolidate, the court considers a number of factors, including judicial economy and potential prejudice to a party opposing the consolidation.  *See First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *3 (W.D. Wash. Feb. 6, 2014).

Here, the Court finds that consolidation is proper.  The cases involve common questions of law.  Both complaints allege that PC Marketing is liable under the WPLA because PC Marketing manufactured a defective tanning bed that caught fire.  PC Marketing's defenses in both cases are almost identical as well.  *See* C13-6008, Dkt. 9 at 4–8; C14-05210, Dkt. 8 at 4–8.  Additionally, the cases involve common questions of fact.  All of the allegations arise from the same event—the Desert Sun fire.  Moreover, the cases involve many of the same witnesses.  *See* C14-05210, Dkt. 19, Declaration of William J. Leedom, Ex. 4; Ex. 5.  Consolidation will also serve the interests of judicial

1  economy.  The Court will be able to address overlapping issues in the cases in a more

2  streamlined manner.

3       PC Marketing raises several concerns about consolidation.  First, PC Marketing

4  argues that consolidation will confuse the jury because each plaintiff alleges separate

5  damage claims.  C14-5210, Dkt. 18 at 5.  Second, PC Marketing argues that it will be

6  substantially prejudiced by consolidation because it has to defend against each plaintiff's

7  separate damages claim.  *Id.* at 6.  Finally, PC Marketing argues that fairness mandates

8  new case deadlines if consolidation occurs.  *Id.*

9       Consolidation will not confuse the jury or prejudice PC Marketing.  The jury can

10  easily hear testimony about each plaintiff's damages, and make decisions as to the

11  reasonableness of the damage claims.  Further, PC Marketing must assess each plaintiff's

12  damage claim regardless of whether the cases are consolidated.  Thus, no additional

13  prejudice or confusion will occur if the cases are consolidated.

14       Having decided that consolidation is proper, the Court grants Assurance and

15  Security's motion to consolidate.  The Court, however, agrees that new case deadlines are

16  appropriate.  Accordingly, the parties shall confer and provide the Court with a new joint

17  status report by September 19, 2014.

18

19

20

21

22

1

**III. ORDER**

2      Therefore, it is hereby **ORDERED** that Plaintiffs' motion to consolidate (C14-

3   5210, Dkt. 13) is **GRANTED.**  All further pleadings shall be filed in C13-6008.  The

4   Clerk shall close C14-5210.

5      Dated this 4th day of September, 2014.

6

7      _____

8      BENJAMIN H. SETTLE
       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22