UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KSH PROPERTIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PC MARKETING, INC., et al.,<br><br>Defendants. | CASE NO. C13-6008 BHS (CONSOLIDATED)<br><br>ORDER GRANTING DEFENDANT UWE LIGHT'S MOTIONS TO DISMISS |

This matter comes before the Court on Defendant uwe Light GMBH's ("uwe Light") motions to dismiss for insufficient service of process and lack of personal jurisdiction (Dkts. 85, 86). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

In 2006, Defendant PC Marketing, Inc. ("PC Marketing") sold a P90 tanning bed to B&B Tans, LLC ("B&B Tans"). Dkt. 1 at 3. B&B Tans operated a Desert Sun Tanning Salon at a strip mall in Silverdale, Washington. *Id.* at 2.

1   On January 8, 2012, a fire broke out in a tanning bed at Desert Sun.  *Id.*  The fire
2   destroyed a building in the strip mall.  *Id.* at 3.

3   In November 2013, Plaintiffs Assurance Company of America, Security National
4   Insurance Company, KSH Properties, Inc., and Beans & Leaves, LLC (collectively
5   "Plaintiffs") filed suits against PC Marketing.  Dkt. 1; C14-5210, Dkt. 1.  Plaintiffs allege
6   that a defect in the P90 tanning bed was responsible for starting the fire.  Dkt. 1 at 3.  On
7   September 4, 2014, the Court consolidated Plaintiffs' suits.  Dkt. 42.

8   PC Marketing claims that it is the distributor of the tanning bed, but not the
9   manufacturer.  Dkt. 34, Declaration of William Pierson, Ex. A.  According to PC
10  Marketing, a German company named uwe designs and manufactures the tanning bed.
11  Dkt. 39, Declaration of Michael Rolls ¶ 4.

12  On November 26, 2014, the Court granted Plaintiffs leave to file an amended
13  complaint naming uwe Light as an additional defendant.  Dkt. 60.  Uwe Light is German
14  corporation.  Dkt. 83, Declaration of Andreas Brazel ("Brazel Dec.") ¶ 2.  Uwe Light
15  does not have offices, employees, property, or bank accounts in Washington.  *Id.* ¶¶ 11–
16  12, 14–15.  Uwe Light is not incorporated, registered, authorized, or licensed to do
17  business in Washington.  *Id.* ¶ 10.  Uwe Light has never directed any advertising or
18  marketing activities in Washington.  *Id.* ¶¶ 16.  Uwe Light has also never solicited or
19  conducted any business in Washington.  *Id.* ¶¶ 8, 19.

20  On January 9, 2015, Plaintiffs served their amended complaint on Bruce Williams
21  ("Williams"), a PC Marketing employee.  Dkt. 75.  PC Marketing is a corporate entity
22  unrelated to any uwe entity.  Dkt. 82, Declaration of Michael Rolls ("Rolls Dec.") ¶ 3.

Williams has never been employed by uwe Light or any other uwe entity. Dkt. 88, Declaration of Bruce Williams ("Williams Dec.") ¶ 2.

On February 26, 2015, uwe Light moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). Dkts. 85, 86. On March 16, 2015, Plaintiffs responded. Dkts. 94, 99. On March 20, 2015, uwe Light replied. Dkts. 101, 102. On March 27, 2015, KSH Properties and Beans & Leaves moved to strike a paragraph in uwe Light's reply.[1] Dkt. 109.

## II. DISCUSSION

Uwe Light moves to dismiss Plaintiffs' claims for insufficient service of process and lack of personal jurisdiction. Dkts. 85, 86.

**A.  Service of Process**

Uwe Light contends that Plaintiffs failed to properly serve uwe Light under the Hague Convention. Dkt. 85 at 6. In response, Plaintiffs contend that their service on PC Marketing was sufficient. Dkt. 94 at 7–9.

When a defendant challenges service of process, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 provides that foreign corporations may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such

---

[1] KSH Properties and Beans & Leaves seek to introduce newly discovered evidence through their motion to strike. The Court denies the motion to strike (Dkt. 109) as improper. Even if the Court considered the evidence for the purposes of personal jurisdiction, Plaintiffs must still comply with the Hague Convention's service of process requirements.

as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1), (h)(2).

The Hague Convention applies "in all cases . . . where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art.1, Nov. 15, 1965, 20 U.S.T. 1935. "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies . . . ." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

Plaintiffs have failed to establish that service of process on uwe Light was proper. Uwe Light is a German corporation that has not agreed to waive service. Both the United States and Germany are signatories to the Hague Convention. Plaintiffs do not dispute that the Hague Convention applies in this case. Plaintiffs also have not presented any evidence that they attempted to comply with the Hague Convention.

Plaintiffs nevertheless argue that their service on PC Marketing was sufficient to effect service on uwe Light. Dkt. 94 at 5–9. Plaintiffs contend that a Food and Drug Administration ("FDA") document indicates that PC Marketing is the designated agent for service of process on uwe Light in the United States. *Id.* at 7. This document, however, makes no mention of service of process. Dkt. 94-1, Declaration of William Pierson ("Pierson Dec."), Ex. D. Rather, the document states that PC Marketing will "act as sole agent for distribution of suntanning equipment in the United States." *Id.* at 78. Uwe Light has also submitted evidence establishing that PC Marketing is not uwe Light's

registered agent for service of process. Rolls Dec. ¶ 5; Brazel Dec. ¶ 28; Williams Dec. ¶¶ 4–6.

Ultimately, Plaintiffs have failed to establish that they properly served uwe Light. Dismissal under Rule 12(b)(5) is therefore appropriate.

**B.    Personal Jurisdiction**

Even if Plaintiffs properly served uwe Light, Plaintiffs have failed to establish that the Court has personal jurisdiction over uwe Light. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the district court rules on the motion based on affidavits and discovery materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (internal quotation marks and citations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa*, 287 F.3d at 1187 (internal quotation marks omitted).

There are two types of personal jurisdiction: general and specific. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). Plaintiffs contend that the Court has both general and specific jurisdiction over uwe Light in this case. Dkt. 94 at 9; Dkt. 99 at 12.

### 1. General Jurisdiction

A plaintiff asserting general jurisdiction must meet an exacting standard. *Schwarzenegger*, 374 F.3d at 801. "For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223–24 (9th Cir. 2011) (internal quotation marks and citations omitted). To determine whether general jurisdiction exists, the Court considers "all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986).

Although Plaintiffs assert that general jurisdiction exists, Plaintiffs have not provided evidence showing that uwe Light engaged in systematic and continuous contacts in Washington. Instead, Plaintiffs contend that the Court has general jurisdiction over uwe Light because the P90 tanning bed is registered with the FDA and thus uwe Light consented to the Court's jurisdiction for violations of the Radiation Control Act. Dkt. 99 at 17–18. This argument is unavailing for several reasons. First, Plaintiffs confuse subject matter jurisdiction with personal jurisdiction. While the Court may have subject matter jurisdiction over a claim, the Court does not necessarily have personal jurisdiction over a defendant. Additionally, PC Marketing—not uwe Light—filed the FDA registration documents. Pierson Dec., Ex. D. Plaintiffs have not identified any

authority that would permit the Court to impute PC Marketing's actions to uwe Light for the purposes of establishing personal jurisdiction.

Based on the uncontroverted evidence in the record, uwe Light has not engaged in continuous and systematic business contacts in Washington.  Uwe Light does not have offices, employees, property, or bank accounts in Washington.  Brazel Dec. ¶¶ 11–12, 14–15.  Uwe Light is not incorporated, registered, authorized, or licensed to do business in Washington.  *Id.* ¶ 10.  Uwe Light has never directed any advertising or marketing activities in Washington.  *Id.* ¶¶ 16.  Uwe Light has also never solicited or conducted any business in Washington.  *Id.* ¶¶ 8, 19.  Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that it does not have general jurisdiction over uwe Light.

### 2. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters*, 223 F.3d at 1086.  The plaintiff bears the burden of establishing the first two prongs.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).  The burden then shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be unreasonable."  *Id.*

Plaintiffs fail to meet their burden of establishing specific jurisdiction. Plaintiffs argue that uwe Light purposefully availed itself of the privilege of conducting activities within this forum because it knew its products would be sold in the United States by PC Marketing. Dkt. 94 at 14. However, mere knowledge that a product could enter the stream of commerce is insufficient to establish specific jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011). Plaintiffs have also not presented evidence showing that uwe Light's actions in this forum gave rise to this lawsuit. Absent such evidence, the Court may not exercise specific jurisdiction over uwe Light.

In sum, Plaintiffs have failed make a prima facie showing that the Court has personal jurisdiction over uwe Light. Dismissal under Rule 12(b)(2) is also appropriate.

### III. ORDER

Therefore, it is hereby **ORDERED** that KSH Properties and Beans & Leaves' motion to strike (Dkt. 109) is **DENIED**. Uwe Light's motions to dismiss (Dkts. 85, 86) are **GRANTED**. Plaintiffs' claims against uwe Light are **DISMISSED**.

Dated this 31st day of March, 2015.

BENJAMIN H. SETTLE
United States District Judge